[Civ. No. 524. Fourth Appellate District.—February 29, 1932.]

RUTH K. MacBRIDE, Appellant, v. GERTRUDE M. SCHOEN, Defendant; FIDELITY & CASUALTY COMPANY OF NEW YORK, Respondent.

Gordon M. Gale for Appellant.

Jennings & Belcher for Respondent.

BARNARD, P. J.—This is an action against a notary and the surety upon her notarial bond to recover damages alleged to have been suffered through the making of a false certificate of acknowledgment. A demurrer to the second amended complaint, filed by the surety, was sustained without leave to amend and from a judgment which followed in favor of the surety, this appeal is taken.

The complaint alleges that the plaintiff is the owner of certain described real property; that she entered into a contract with one Lalor by which she was to receive $5,000 worth of stock of the United States Signal Corporation and $3,000 in cash, in exchange for her own promissory note in favor of Lalor for $8,000, secured by a deed of trust on the real property described; that she executed and delivered to Lalor the said note and deed of trust, but that she did not acknowledge the execution of the deed of trust; that Lalor never intended to perform and did not perform his part of the agreement; that Lalor presented the deed of trust to the defendant Schoen who attached the usual certificate of acknowledgment thereto; that said acknowledgment is false in that the plaintiff never appeared before the notary; that the defendant Schoen thereupon redelivered the apparently acknowledged deed of trust to Lalor who then assigned an undivided interest in the note and deed of trust to John C. Feyes & Associates, Inc., that this corporation recorded the deed of trust, thereby clouding the plaintiff's title; that the plaintiff hired attorneys and employees to locate "S. P. Lalor, Earl E. Kain and John C. Feys & Associates, Inc., and to remove said cloud to the plaintiff's title"; that the plaintiff agreed to pay for these services and thereby incurred an indebtedness of $5,000; that the said attorneys and employees did recover said deed of trust; and that the said sum of $5,000 is a reasonable sum for such services.

In order to recover for the wrongful or negligent act of a notary, it is necessary not only to show that the

act was wrongful or negligent, but also that it was the proximate cause of the loss or damage claimed to have been suffered by a plaintiff (*Oakland Bank of Savings* v. *Murfey,* 68 Cal. 455 [9 Pac. 843] ; *Hatton* v. *Holmes,* 97 Cal. 208 [31 Pac. 1131] ; *Brown* v. *Rives,* 42 Cal. App. 482 [184 Pac. 32] ; *Riverside Portland Cement Co.* v. *Maryland Casualty Co.,* 46 Cal. App. 87 [189 Pac. 808] ; *Security Trust & Sav. Bank* v. *Matson,* 116 Cal. App. 616 [2 Pac. (2d) 1001]). ██ In this case, the appellant admits that her signature upon the deed of trust was genuine as certified to by the notary, and the only basis for liability claimed is that the notary's certificate to the effect that the appellant had acknowledged her signature, enabled the instrument to be recorded and thus caused loss and damage to the appellant. However, after a third attempt, the complaint fails to allege with any definiteness either the existence or the amount of any loss or damage proximately caused by the recording of the instrument. ██ If the act of the notary in certifying that the instrument had been acknowledged by its maker had enabled the trust deed to get into the hands of innocent parties with the result that the appellant was compelled to pay the note or a part of it, a damage caused proximately by the act of the notary might appear. The complaint contains no allegation to the effect that any such situation resulted and apparently that was not the case, as she alleges that she got the instrument back and says nothing about taking care of any innocent parties. It may also be conceded that if the act of the notary, enabling the paper to be recorded, cost the appellant something, this expense, large or small, might be proximately caused by the act of the notary. In either case it would be a very simple matter to allege that she was compelled to pay a part of the note, or that a quiet title action was filed and what it cost, or that something else was necessarily done and the expense thereof. On the other hand, the appellant very carefully and studiously, in three separate complaints, avoids alleging what was necessary to be done or what was done by her. The complaint does not allege that a quiet title action was necessary or that one was ever filed. It does not allege that either she or her attorneys did anything in connection with clearing the title to the property. Assuming that everything stated in the complaint is true, it may well be

that nothing was done by the appellant in this regard and that the other parties, when they discovered the situation, not only freely furnished a release but recorded it at their own expense. The only thing alleged in the complaint to have been done was that the attorneys "did recover said deed of trust". If this was all that was done, it would seem that it was not made necessary by the recording of the instrument, but by her delivery thereof to Lalor in the first place, without receiving the consideration. Even at that, it is not alleged what was done in order to get it back or what expense was involved therein. There is a general allegation that she hired the attorneys to locate two individuals and a corporation, and to remove the cloud from her title. It is not alleged that these attorneys did any of these things. If the other parties released the trust deed of their own free will and all that was necessary to be done on her part was to regain the possession of the note and trust deed, any expense incurred in locating Lalor and the corporation would be proximately caused by her delivery of the trust deed to Lalor and not by the certificate of the notary. Kain is not elsewhere mentioned in the complaint and nothing appears to show why it was necessary to locate him, nor whether all or a large part of the expense claimed to have been incurred was for that purpose. So far as is disclosed by the allegations of the complaint, for the appellant to have agreed to pay $5,000 for such service as the complaint indicates was rendered, is almost as unbusinesslike and indefensible as the original act of the appellant in signing and delivering the trust deed without receiving the consideration therefor. The court could not have given judgment even for a reasonable amount without facts set forth in the complaint which would have justified such a judgment. The only definite allegation in the complaint as to what was done is as to something made necessary by her own act in turning over the instrument to Lalor. Having had three opportunities to set forth her cause of action and it appearing that her failure to set forth the real facts must have been intentional, no obligation rested upon the court to permit a further amendment. In our opinion, the complaint does not allege facts showing any loss that was suffered as a proximate result of the act of the notary, which is complained of.

A further consideration is that the appellant's own negligence contributed to her loss, if any. In *Overacre v. Blake,* 82 Cal. 77 [22 Pac. 979], it was held that a party could not recover against a notary where she had, through an agent, misrepresented to a notary the identity of the party in question, it being held that she thus contributed to her own damage. In the case before us, the signature on the instrument was genuine, and while the notary may have been guilty of negligence or fraud in attaching the certificate of acknowledgment, it would appear that the particular act of the notary could not have occurred had not the appellant first signed and delivered the instrument, and that appellant's negligence had a large part in causing any loss she may have suffered.

The judgment appealed from is affirmed.

Marks, J., and Lambert, J., *pro tem.,* concurred.