## RUNNELS CHEVROLET CO. v. TRAVIS.

### No. 2437.

Court of Civil Appeals of Texas. Beaumont.
June 29, 1933.

Minton & Minton, of Hemphill, for plaintiff in error.

L. E. King, of Hemphill, for defendant in error.

O'QUINN, Justice.

We shall refer to plaintiff in error as plaintiff and defendant in error as defendant; that being their attitude in the court below.

The Runnels Chevrolet Company, a partnership, brought this suit in the county court of Sabine county against J. H. Travis to recover on a promissory note given by said Travis to said company in the sum of $200, with interest and attorney's fees. Plaintiff alleged that the note was given in part payment for a certain Chevrolet automobile which was alleged to be worth $225. Plaintiff further alleged that said Travis, at the time he purchased said automobile, agreed that he would execute and deliver to plaintiff a chattel mortgage upon said automobile to secure the payment of the note, and "that he then and there agreed with plaintiff that plaintiff should hold and have a lien on said Chevrolet automobile to secure the payment of said balance due." There was a credit of $25 on the note.

Defendant Travis answered by general demurrer, general denial, and specially denied that he gave, or agreed to give, any lien upon the automobile to secure the payment of the note, but that the note reflected the entire transaction. He further pleaded that he was the head of a family, and the car in question was the only car by him owned, and was by law exempt from forced sale for debt.

The case was tried to the court without a jury. It was tried on plaintiff's first-amended original petition, to which there had been no objection. The original petition did not allege the agreement to give a lien on the car to secure the payment of the note, but this was alleged in the amended petition. When Runnels, for the company, was offered as a witness for plaintiff to testify as to the agreement of defendant, Travis, to give and that he did agree that plaintiff should have and did have a lien on the car, the court refused to let the witness so testify, and of his (the court's) own motion struck out the amended petition, and gave plaintiff judgment against Travis for the amount due on the note. Plaintiff duly excepted to the action of the court and has properly preserved his said exceptions and here urges same.

There is no disagreement as to the facts, except as above noted relative to the lien. The court attempts to justify his action in striking, on his own motion, the amended petition, by attaching to the bills of exception the qualification or explanation that he struck the amended petition because the suit was not brought within six months, as required by article 5488, R. S. 1925. Article 5488 has no relation whatever to suits such as are here involved. The lien there affected is one given to certain employees by virtue of chapter 5, title 90, vol. 16, Vernon's Ann. Civ. Statutes, relative to liens, and article 5488 simply provides that liens created by this chapter shall cease to be operative after six months after the lien is fixed, unless suit is brought to enforce said lien within said time. The lien there provided is wholly unrelated to the one here asserted. It was error for the court to strike the amended petition, and also error to refuse to permit the witness Runnels to testify, in accordance with the allegations of his petition, that the defendant agreed to give a chattel mortgage on the car, and that said defendant agreed that plaintiff have a lien on the car to secure the payment of the note. If such agreement was made, the lien was legal and enforceable. Crews v. Harlan, 99 Tex. 93, 87 S. W. 656, 13 Ann. Cas. 863; Id. (Tex. Civ. App.) 88 S. W. 411.

Defendant's contention that, as he was the head of a family, and that the car in question was the only car he owned, it was exempt from forced sale, under the allegations of plaintiff's petition, is not well taken. Plaintiff alleged that by contract defendant gave it a lien on the property to secure the payment of the purchase-money note. This the law permits. The head of a family may mortgage his only horse, or cow, or wagon, and still these, under the exemption laws, are exempt, except for the lien given by contract.

The judgment is reversed, and the cause remanded for another trial.