197 P.2d 618

### DUNNE v. PETTERMAN.

No. 5093.

Supreme Court of New Mexico.

July 24, 1948.

Rehearing Denied Oct. 2, 1948.

Lorenzo A. Chavez, of Albuquerque, for appellant.

Rueckhaus & Watkins, Melvin D. Rueckhaus, and Ped S. Watkins, all of Albuquerque, for appellee.

LUJAN, Justice.

This action was commenced by the plaintiff, E. A. Dunne, against the defendants, J. D. Clark, L. E. Petterman, d/b/a Trans-American Trailer Sales Co., and Southwest Finance, Inc., for the sum of $2050.00, or the possession of the house trailer claimed by him. Clark and the Southwest Finance Company having disclaimed any right to the title, interest or a lien thereon,

the trial proceeded only against the defendant Petterman. Judgment was awarded against him from which he prosecutes this appeal.

The parties will be referred to herein as they appeared in the district court. The plaintiff was engaged in the trailer business in the city of El Paso, Texas. On December 17, 1946, one Lon Milner entered into an oral agreement with the plaintiff whereby he agreed to buy and the plaintiff agreed to sell an Alma Silver Moon house trailer, serial number 80106. On the same day Milner deposited $500.00 with plaintiff, it then and there being understood by and between the parties that the title to the house trailer would not be delivered until the balance of the $2050.00 was paid in full, on or before February 1, 1947. Possession of the house trailer was then delivered to Milner with the understanding that it would not be removed from El Paso, but be used by him, his wife and baby in said city. This was done because Milner was desperately in need of living quarters and none could be found in El Paso at that time. When plaintiff delivered possession of the house trailer to Milner, no bill of sale was delivered to him nor was there a chattel mortgage executed by Milner. However, there was a note given and signed by Milner for the balance of the money due on the transaction. Though this note recites "this note is secured by a chattel mortgage of even date

herewith, * * *" none was given, and the plaintiff considered the same as a debt memorandum of the amount still due him by Milner.

Shortly after possession of the house trailer had been delivered to Milner, he, without the consent of the plaintiff, removed it from the State of Texas into the State of New Mexico, where he later sold it to the defendant at Albuquerque, on January 14, 1947, less than one month after he obtained possession of it.

Several assignments of error are presented on this appeal only one of which need be determined, itself being decisive, namely:

"That the court erred in holding that the defendant was not a bona fide purchaser for reasonable value without actual or constructive notice of plaintiff's rights."

Under this assignment appellant urges that he is a bona fide purchaser of the trailer for a reasonable value and without notice of the infirmities in the transaction between Mike's Trailer Sales Company and Harold Carlson, and that Carlson having furnished him with a bill of sale, the plaintiff should not be permitted to recover it. With this contention we do not agree. The defendant had actual notice that the purported bill of sale from Mike's Trailer Sales Company to Carlson was fraudulent in that on its very face it plainly showed erasures as well as insertions written in

different colored ink and different hand writing. The following is a photostatic reproduction of the original bill of sale.

hand side the words "Alma Silver Moon #80106 on door plate" noted; after the figures "1944" the words "Continental

From an examination of the above bill of sale which was executed by the Mike's Trailer Sales of El Paso, Texas, to one Harold A. Carlson, for a 1944 Continental House Trailer, Serial No. 2252838, it will be seen that at the time Milner alias Carlson delivered it to the defendant the following notations, insertions and erasures appeared on its very face: At the top right hand side the words "Alma Silver Moon #80106 on door plate" noted; after the figures "1944" the words "Continental House Trailer" were erased and the words "Alma House Trailer" inserted in lieu thereof; and after the figures 2252838 the following words and figures were added "Body #80106 on door plate." All of which appeared in different hand writing and different ink.

A person cannot be a bona fide purchaser who has brought to his attention

facts which should have put him to an inquiry, which if pursued with due diligence, would have led to a knowledge of the infirmities appearing upon the face of the instrument involved in the transaction. To constitute that good faith which will protect a vendee in a transaction of the nature of the one before us, there must not only be an absence of actual knowledge of the vendor's fraud, but an absence of that which, in law, amounts to notice. If the vendee has knowledge of such facts as would lead an ordinarily prudent man, using ordinary caution, to make further inquiries, which if made, would have disclosed the vendor's fraudulent act, he will be deemed to have notice of such fraud. We think it sufficiently appears, from the testimony of appellant's own agent and from the bill of sale, that he was not a bona fide purchaser for value without notice. Kitchen v. Schuster, 14 N.M. 164, 89 P. 261; and Taylor v. Hanchett Oil Co., 37 N.M. 606, 27 P.2d 59.

Finding no reversible error, the judgment is affirmed and it is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.

On Motion for Rehearing.

LUJAN, Justice.

■■ The defendant, appellant in this court, has moved for rehearing. This motion is unsupported by brief, Supreme Court Rule 18, Sec. 3, 1941 Comp. § 19-201, and, therefore, is not entitled to consideration as of right. Supreme Court Rule 16, Sec. 2. Nevertheless, the filing of such motion affords us the occasion for an additional observation on the opinion filed. It should have been mentioned therein, but was not, that in sustaining the plaintiff's oral conditional sales contract as against the defendant, who was unable to qualify as a bona fide purchaser for value from plaintiff's vendee, we were applying the law of Texas, where the contract was entered into, making such contracts chattel mortgages, rather than the law of New Mexico, where the defendant's purchase took place. Cf. Allison v. Niehaus, 44 N.M. 342, 102 P.2d 659.

Under Vernon's Texas Civil Statutes, Sec. 5489, a conditional sales contract is deemed to be a chattel mortgage and, when possession is delivered to the vendee, is void as to creditors and bona fide purchasers, unless the reservation of title be in writing and registered as required of chattel mortgages. This Section reads:

"All reservation of the title to or property in chattels, as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservation be in writing and registered as required of chattel mortgages. * * *"

See Crews v. Harlan, 99 Tex. 93, 87 S.W. 656, 13 Ann.Cas. 863; Crews v. Harlan, Tex.Civ.App., 88 S.W. 411; and Runnels Chevrolet Co. v. Travis, Tex.Civ.App., 62 S.W.2d 225.

The motion for rehearing will be denied. And it is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.