**RADCLIFF v. CLEMONS et al.**

No. 12656.

Court of Civil Appeals of Texas.

Galveston.

Feb. 18, 1954.

Rehearing Denied March 11, 1954.

H. A. Crawford, Houston, for appellant.

Billy B. Goldberg, Houston, for appellee Tom Clemons.

Spiner, Pritchard & Thompson, Clark G. Thompson, Houston, for appellees R. T. Shaw and Lloyds Casualty Insurer.

HAMBLEN, Chief Justice.

This is the second appeal of this case to come before this Court. On this appeal none of the litigants has favored this Court with a statement of the facts giving rise to the litigation. The following, which we find to be supported by the evidence, is taken from the findings of fact made by the trial court, and from the opinion of this Court on the former appeal.

Jack Lyles, a used-car dealer in Houston, some time prior to August 2, 1948, had floor-planned a 1946 Plymouth with Security Discount Corporation, and as a part of the transaction had turned over to

that corporation a certificate of title in blank, signed by the prior owner but not acknowledged. This certificate was placed in the files of Security Discount Corporation. On August 2, 1948, Tom Clemons purchased the automobile from Jack Lyles, paying $500 in cash and executing a note secured by a chattel mortgage on the vehicle payable to Security Discount Corporation for the balance of the purchase price. In response to his request for the certificate of title he was told by Lyles and by a representative of Security Discount Corporation that that corporation was holding the certificate until the mortgage was paid off, at which time it would be delivered to him.

At some time before the date of said sale, one W. G. Wilson, then an employee of Security Discount Corporation, stole the certificate of title from the company files, inserted his name therein as purchaser, and appeared before R. T. Shaw, a notary public, who certified to the execution of the instrument by the former owner. Wilson then took the certificate to John Radcliff and borrowed money thereon, giving his note, and a chattel mortgage on the Plymouth as security. Radcliff then procured a new certificate of title showing Wilson as owner and Radcliff as mortgagee.

Upon default in payment by Wilson, Radcliff, having located the Plymouth in Clemons' possession, asserted his right to same, and threatened suit to obtain possession. Clemons delivered the automobile to Radcliff, and made demand upon Lyles and Security Discount Corporation for cancellation and rescission of the contract of sale, and restoration to him of the money theretofore paid on the contract. When refused, Clemons filed suit against Lyles and Security Discount Corporation for rescission and refund of money paid, and against Radcliff for conversion of the automobile. Security Discount Corporation answered and also sought foreclosure of its lien. Radcliff answered and impleaded Wilson, seeking foreclosure of his lien. Upon the first trial, judgment was entered in favor of Radcliff for foreclosure of his lien, and relief was denied all other litigants. Clemons appealed, and this Court, in an opinion reported in Clemons v. Lyles, 249, S.W.2d 287 (writ ref. n. r. e.), reversed and remanded the cause, specifically upholding the validity of the sale from Lyles to Clemons and the lien in favor of Security Discount Corporation, holding the transaction between Wilson and Radcliff to be void, and holding that Radcliff, in withholding the vehicle from Clemons, had converted same. The remand was necessary for the determination of facts not found by the trial court.

The cause was again submitted to the trial court upon a stipulation that the witnesses, if present in person, would testify the same as in the prior proceeding, as reflected by the statement of facts, and no additional evidence was introduced. The trial court, in accordance with the opinion of this Court, rendered judgment in favor of Clemons against Radcliff for conversion of the automobile, which was found to be of the reasonable value of $900, in favor of Security Discount Corporation for foreclosure of the mortgage given by Clemons, and in favor of Radcliff against Wilson personally upon the note given by him. All other relief sought was denied, including that sought by Radcliff against the notary public, R. T. Shaw, and his surety for the alleged certification of the title certificate. From that judgment Radcliff has now appealed. Because of the stipulation mentioned, the record now presented is identical to that previously before this Court.

Appellant presents seven points of error. His points 2, 3, 4 and 5 are based upon contentions which have already been ruled upon adversely to him upon the former appeal. While the points are not masterpieces of clarity, his complaints appear to be directed to the holding of the court that Clemons was the owner of the vehicle, that Security Discount Corporation had a valid lien, and that Radcliff had converted the vehicle. We consider each of such contentions to have been expressly ruled upon by this Court and by the Supreme Court of Texas, and deem further discussion unnecessary.

Appellant presents a second Point No. 5 in addition to that above mentioned, wherein he complains generally of the failure of the trial court to grant his request for additional findings of fact. A point so generally framed has been held to be so multifarious and violative of Rule 418, T.R.C.P., as not to require consideration. Hudspeth v. Hudspeth, Tex.Civ.App., 206 S.W.2d 863. However, we have examined the transcript together with the statement of facts and conclude not only that the trial court properly refused the requested findings, but that, had they been supported by the evidence and found by the trial court, they would in no manner alter the judgment rendered.

By Point 6 appellant complains of the finding by the trial court that Security Discount Corporation was holding the certificate of title on the car until the mortgage was paid off. Examination of the transcript discloses that the trial court did not so find, but found only that Lyles and a representative of Security Discount Corporation had told Clemons that the certificate was being so held, which fact appears to be undisputed.

By Point 7 appellant complains of the failure of the court to grant judgment against the notary public, R. T. Shaw. Examination of appellant's trial pleadings discloses that he makes no allegation of negligence on the part of Shaw, or that Shaw's actions, if negligent, proximately caused his injury. McDonald's Texas Civil Practice, Vol. 4, page 1398, Sec. 17.27, states: "Since the judgment must be responsive to issues tendered by the pleadings, a party cannot properly be awarded a judgment based upon a theory not embraced in his pleadings." Furthermore, the record contains no evidence that Shaw's certification proximately caused appellant's injury.

On the contrary, the only evidence is to the effect that the certification was in fact true, there being no contention made that the prior owner did not sign the title certificate, which in itself negatives the contention that Shaw's certification of that fact could have been the cause of appellant's injury. Point seven is, therefore, overruled.

By his Point No. 1, appellant complains that there was no evidence to support the finding by the trial court that the Plymouth was of the reasonable value of $900 at the time of conversion. This finding is also the basis of a cross-assignment by appellee Clemons, his contention being, however, that the evidence is conclusive that the value was $1,375 rather than $900 and therefore the judgment should be reformed to that extent. Both appellant's point 1 and appellee's cross-assignment are overruled. The 1946 Plymouth involved was sold on August 2, 1948 for $1,600. The only direct evidence placed its value at that time at from $1,375 to $1,550. The conversion occurred April 20, 1949. While there was no direct evidence of value on that date, there is evidence that after its sale on August 2, 1948, the vehicle had been used as a taxi. There is also the evidence of the sale price, the various liens and the deferred payments, all of which, while circumstantial, is sufficient, we feel, to support the finding by the court. Furthermore, insofar as the cross-assignment is concerned, appellee appears to have made no objection to the trial court on the finding of value, nor to have made request for the finding now contended for, but makes his contention for the first time on appeal.

No error having been presented which calls for a reversal of the judgment, the same is, accordingly, affirmed.