320 P.2d 744

Mrs. M. R. KNOWLES, Plaintiff-Appellant,

v.

Art JONES, dba Portales Builders & Supply Co., Defendant-Appellee.

No. 6223.

Supreme Court of New Mexico.

Jan. 16, 1958.

Mears & Mears, J. Fred Boone, Portales, for appellant.

Compton & Compton, Portales, for appellee.

BRAND, District Judge.

This action was commenced by plaintiff-appellant filing an affidavit for replevin in Justice of the Peace court at Portales, seeking recovery from defendant of a planing tool and motor valued at $125. On trial of the matter the justice entered an order denying defendant's motion to dismiss the writ, and then, defendant announcing that he would offer no testimony, also overruled plaintiff's motion for judgment.

Strangely, the defendant took an appeal to District Court, by filing the Justice Court transcript and a bond. No final judgment was ever entered by the justice to dispose of the issues. The appeal bond recites that judgment was rendered in favor of the plaintiff and against the defendant for the sum of $125 but this recital cannot supply the missing judgment. The appeal was premature, but the parties submitted the matter to the district court without objection, and a trial was had.

It was contended by defendant that he had purchased the planer from plaintiff for $125 but had declined to pay the agreed consideration unless permitted to deduct an indebtedness due him by plaintiff's husband on another account; that since he was the owner of the property, replevin was not the appropriate remedy and that the only action which could properly be brought was for debt. The trial court agreed, after hearing the testimony, and found that a sale of the planer had been effected. Judgment entered dismissing the replevin action, and this appeal followed.

Plaintiff, in her requested findings of fact tendered the trial court, related the facts to be that she and her husband owned the planing tool; that in July 1955 the husband moved from Portales to Alamogordo and told his wife to sell the tool for $125 and use the money to pay the expense of moving to join him; that defendant was interested in buying such a tool; that she contacted defendant and told him she had the planer for sale at $125 and wanted to sell it in order to obtain money to move to Alamogordo; that defendant said he would like to try the tool, which was satisfactory with plaintiff, and defendant took possession of it. On several occasions plaintiff called defendant to inquire if he had tried the planer and if he intended to buy it and was finally told by defendant that he would buy it but did not intend to pay for it until he had been paid a bill which he claimed plaintiff's husband owed him. He was told this was not agreeable, but he refused either to pay the $125 or return the planer.

Appellant assigned nine errors, argued under five points. They are correct but entirely abstract statements of law, reading:

"Point 1. To constitute a valid sale there must be a bona-fide offer to sell by seller, and an unqualified acceptance of such offer by buyer.

"Point 2. There must be a meeting of the minds between buyer and seller, as to all terms, before a contract of sale is consummated and title passes from seller to buyer.

"Point 3. Upon a sale of personalty for cash, payment is a condition precedent to the passing of title.

"Point 4. Replevin is a possessory action the main purpose of which is to restore plaintiff to immediate possession of the property and which secondarily permits recovery also of damages for the unjust caption or detention, and in a replevin action it is error for the court to allow testimony touching any issues other than these.

"Point 5. A finding of fact not supported by substantial evidence cannot be sustained on appeal, and a judgment based on such finding is itself without support."

The court refused to adopt plaintiff's findings of fact and conclusions of law and entered its decision containing findings of fact, the first reading:

"That in July 1955, the plaintiff offered to sell and the defendant agreed to buy a planing tool and electric motor for the sum of $125.00,"

followed by a conclusion of law:

"That said cause being for an obligation owing defendant to plaintiff's husband by way of debt, said writ of replevin and proceedings connected therewith are not proper for the collection of said debt and should be dismissed."

It is therefore only for us to ascertain whether the facts found by the court are sustained by any competent evidence.

The pertinent testimony of plaintiff, Mrs. Knowles, is as follows:

"Q. Did you then contact Mr. Jones about it? A. Yes, sir.

"Q. What, if anything, was said to him about the sale to him of the planing tool? A. Well, I told him, I asked him if he wanted to buy it and he said he would like to have it, that he needed one, and I told him that I wanted to sell it in order to get the money to go to Alamogordo with.

"Q. Did you tell him what price you wanted at that time? A. Yes, sir.

"Q. What price was that? A. I told him seventy five dollars for the planer and fifty for the motor.

"Q. That was a total of one hundred and twenty five dollars? A. Yes, sir.

"Q. I believe you stated at that time that you told him the purpose for selling it was to get money to move to Alamogordo? A. Yes, sir.

"Q. What, if anything, did Mr. Jones say then? A. He said he would like to try it out before he paid for it.

"Q. Did you agree to that? A. Yes, sir."

We quote court's remarks at the conclusion of the testimony to indicate his feeling about the factual issues:

"As I see it, the writ of replevin is to be dismissed. The only question is the right to possession based on ownership. The testimony is that the property is sold. The dispute arose as to the payment. They only have an action for debt and not replevin. * * * There is no evidence of a conditional sales contract at all. The property was offered for a price and was bought for a price and then the dispute arose as to whether he was going to take credit for the other items. There is no question but what there was a sale, the title passed. She has an action for debt."

■ Obviously, there was either a sale without payment of the purchase price, or a delivery of the property for inspection pending sales negotiations which failed. Plaintiff contends that since defendant knew she was offering the tool for sale in order to obtain money needed for moving expense, no sale could have been consummated because payment in full was refused. But a sale once complete in law does not change to or become some other sort of transaction because the purchaser later fails or refuses to pay as agreed.

■ We have read all the testimony and it amply supports the court's decision. Indeed, there are no material discrepancies in it. The sole difference in the two versions of the affair lies in plaintiff's insistence that because she told defendant her reason for offering the tool for sale (the necessity of obtaining funds with which to move to Alamogordo) this constituted an offer to sell coupled with a stipulation for payment of the full agreed price in cash on passing of title, and that, since payment was not tendered, the sale never occurred. Nowhere in the record, however, does apt language appear to support this premise. There is nothing more than evidence that defendant was informed of the reason prompting the desire to sell—none which can be construed as imposing the condition precedent asserted.

■ After the court had ruled for defendant, plaintiff's attorney attempted to inject an issue to the effect that the transaction constituted a conditional sales contract. While not urged in the briefs, it will be pointed out that we have a statute (50-11-1) which provides that all such contracts shall be acknowledged by the seller and purchaser, which, of course, means that they be in writing, and that our Court in Allison v. Niehaus, 44 N.M. 342, 102 P.2d 659, held that oral conditional sales con-

tracts are not recognized under our laws and are not valid even as between the parties thereto.

For these reasons the judgment will be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE, J., concur.

SADLER and COMPTON, JJ., not participating.