380 P.2d 173

CLOVIS FINANCE COMPANY, Inc., Appellee,

v.

Don SIDES, Appellant.

No. 7104.

Supreme Court of New Mexico.

March 29, 1963.

Morris Stagner, Clovis, for appellant.

Rowley, Davis, Hammond & Murphy, Clovis, for appellee.

MOISE, Justice.

On April 25, 1961, Una M. Spigelmyer came to plaintiff's office having in her possession a 1954 Cadillac automobile together with a duly executed bill of sale thereon from defendant, Donald Sides and his wife, Verla E. Sides, and the original certificate of title showing an assignment on the back

thereof to herself signed by Donald O. Sides, but not acknowledged or verified before a notary public.

A notary public in plaintiff's office completed the certificate on the assignment by signing it as if acknowledged before her although it was not in fact.

A loan of $400.00 was made at that time by plaintiff to Una M. Spigelmyer and a mortgage given on the automobile to secure the same. The documents were then presented to the proper state officer and a new certificate of title was issued in the name of Una M. Spigelmyer with the mortgage to plaintiff duly noted thereon. Thereafter, upon default in the payments on the indebtedness to plaintiff, suit was instituted for possession of the car and damages from defendant who had obtained possession of it. Defendant, by counter claim, sought damages because of the unlawful notarization.

Both defendant and plaintiff filed motions for summary judgment. It appears from an affidavit of defendant attached to his motion for summary judgment that prior to April 25, 1961, he had contracted to sell the Cadillac car to Una M. Spigelmyer; that he executed the bill of sale for the sole and only purpose to permit Una M. Spigelmyer to secure insurance on the car; that Una M. Spigelmyer failed to perform the contract of purchase and that appellant is the owner of the car and is in possession of it since about May 20, 1961.

The court granted plaintiff summary judgment, and defendant appeals.

We are called upon to answer whether title to the automobile passed when defendant gave possession of the car together with a duly executed bill of sale and the certificate of title, with the assignment and warranty of title duly executed but without the statement of liens or encumbrances verified under oath, as required by our statute. If the answer is in the affirmative, then we must decide whether plaintiff acquired a superior right to that claimed by defendant. The answer turns on the proper interpretation of the pertinent sections of our Motor Vehicle Code.

For convenience, we quote them as follows:

§ 64-3-9(2). "(a) The division upon registration of a vehicle shall issue a certificate of title and evidence of registration.

"(b) The registration evidence shall be delivered to the owner and shall contain upon the face thereof the date issued, the name and address of the owner, the registration number assigned to the vehicle, and such description of the vehicle as determined by the commissioner.

"(c) The certificate of title shall contain upon the face thereof the iden-

tical information required upon the face of the registration evidence (and) in addition thereto a statement of the owner's title and of all liens and encumbrances upon the vehicle therein described. Said certificate shall bear therein the seal of the division.

"(d) The certificate of title shall contain upon the reverse side a space for the release of any lien appearing upon the face thereof; and forms for assignment of title or interest and warranty thereof by the owner with space for notation of liens and encumbrances upon the vehicle at the time of a transfer.

"(e) The certificate of title shall be delivered to the legal owner in the event no lien or encumbrances appear thereon, otherwise the certificate of title shall be delivered to the person named to receive the same in the application for such certificate."

§ 64–3–10. "A certificate of title issued by the division shall be received in evidence as prima facie evidence of the ownership of the vehicle named in the certificate and as prima facie evidence of all liens and encumbrances against said vehicle appearing on the certificate."

§ 64–4–1. " * * * (b) Upon a transfer or assignment of title or interest, the owner shall endorse an assignment and warranty of title upon the certificate of title for such vehicle with a statement of all liens or encumbrances thereon, which statement shall be verified under oath by the owner. The owner shall deliver the certificate of title and current registration evidence to the purchaser or transferee at the time of delivering the vehicle."

§ 64–4–3. "Except as otherwise provided, the transferee within 15 days after a transfer shall:

"(a) Submit to the division the current registration evidence and the certificate of title properly endorsed and assigned as in this act provided.

"(b) Apply for transfer of registration and issuance of new certificate of title.

"Failure to apply for transfer of registration and issuance of new certificate of title within fifteen (15) days from the date of transfer shall subject transferee to a penalty of ten dollars ($10.00), which penalty shall be collected by the division and shall be in addition to other fees provided by law."

§ 64–5–1. "(a) No conditional sale contract, conditional lease, chattel mortgage, or other lien or encumbrance or title retention instrument upon a vehicle of a type required to be registered hereunder, other than a lien de-

pendent upon possession, is valid as against the creditors of an owner acquiring a lien by levy or attachment or against subsequent purchasers or encumbrancers without notice until the requirements of this article [64–5–1, 64–5–2] have been complied with.

"(b) There shall be deposited with the division the original or a copy of the instrument creating and evidencing the lien or encumbrance which instrument shall be executed in the manner required by the laws of this state. When a copy of the instrument is filed there shall be attached to or endorsed upon the instrument a certificate of a notary public stating that the same is a true and correct copy of the original. The instrument deposited with the division shall be accompanied by the certificate of title last issued for the vehicle named in the instrument."

By § 64–3–1, N.M.S.A.1953, it is made a misdemeanor for any one to violate any of the provisions of § 64–3–9, N.M.S.A.1953, quoted supra.

■ We are clear that our statutes quoted supra are not to be interpreted as providing an exclusive method for transferring title. This conclusion is strongly supported by the provision (§ 64–3–10, N.M.S.A.1953) that the certificate of title is prima facie evidence of ownership. Such language clearly indicates an intention that

the certificate of title is only evidence of ownership and that the same may be shown by other proof. Other states having statutes comparable to ours so construe this provision. See House v. Hodges, 227 Ark. 458, 299 S.W.2d 201; Royal Indemnity Insurance Co. v. Shue (Ind.App.1962), 182 N.E.2d 796; Carolina Discount Corporation v. Landis Motor Co., 190 N.C. 157, 129 S.E. 414; Peek v. Wachovia Bank & Trust Company, 242 N.C. 1, 86 S.E.2d 745.

■ It does not follow from this fact, however, that an issue of fact as to the ownership was present. The interests of plaintiff which arose through its lending of money on security of the automobile and on the strength of Una M. Spigelmyer's apparent ownership have intervened. Title was apparently in Una M. Spigelmyer.

We are impressed that by giving the bill of sale, the signed certificate of title, and possession of the car to Una M. Spigelmyer, the appellant passed the title to her under the statutes quoted above. Absence of a notary's signature in no way alters this fact.

On the other hand, § 64–5–1, N.M.S.A. 1953, quoted supra, makes compliance with the provisions thereof mandatory in order to retain title or obtain a valid lien or encumbrance. Accordingly, did the absence of the verification to a statement of liens and encumbrances deprive plaintiff of its security? Since this fact could not have

**22**

effect except possibly to put plaintiff on notice to inquire concerning the presence of prior claims or liens, it is necessary to determine if inquiry would have disclosed the presence of such a claim or lien. See Dunne v. Petterman, 52 N.M. 284, 197 P.2d 618.

■ It appears clear under the facts that defendant did not have a conditional sales contract, or any other type of enforceable lien, encumbrance, or title retention instrument. Oral conditional sales contracts were not valid under § 50–11–1, N.M.S.A.1953, in effect on the date of the transaction here involved. Allison v. Niehaus, 44 N.M. 342, 102 P.2d 659; Knowles v. Jones, 63 N.M. 391, 320 P.2d 744. Similarly, chattel mortgages and instruments having the effect of placing a lien on personal property were required to be in writing, § 61–8–1, N.M.S.A.1953. § 64–1–26, N.M.S.A.1953, as well as § 64–5–1, N.M.S.A.1953, quoted supra, being parts of the Motor Vehicle Code, likewise clearly contemplate that such instruments shall be in writing. It follows that defendant had no retained title or enforceable lien. Accordingly, inquiry would not have disclosed anything in the nature of valid encumbrances or liens. Plaintiff should not be penalized for failure to do a useless act. Compare Dunne v. Petterman, supra.

The situation is not unlike that in Knowles v. Jones, supra, except that here the dispute is between the seller and a third party mortgagee instead of between the buyer and seller.

Bustin v. Craven, 57 N.M. 724, 263 P.2d 392, relied on by defendant, does not support his position. In that case, no sale had been consummated and no valid evidence of title had been delivered. In the instant case, a contract of sale had been completed according to the affidavit of defendant, and indicia of title had been delivered along with possession of the car. There remained no question of ownership which could be asserted by defendant against plaintiff.

It follows that defendant had neither title which he could assert against plaintiff nor a valid enforceable lien, and that the court was correct in sustaining appellee's motion for summary judgment and granting judgment for appellee.

■ Under his second point, plaintiff complains of the court's action in overruling his motion for summary judgment and dismissing his counterclaim in which defendant and counter-claimant sought damages because of the actions of Imogene R. Baumgart, in allegedly falsely notarizing the certificate of title in which act it is claimed plaintiff and counter-defendant did "counsel, command, aid, abet" and direct the said notary public.

It is clear from the discussion of the first point that defendant and counter-claimant was not injured by any action of

the notary public. Even in a suit against the notary, and the instant case is against the employer, there can be no recovery without allegation and proof that the actions of the notary proximately caused the loss to counter-claimant. MacBride v. Schoen, 121 Cal.App. 321, 8 P.2d 888; Radcliff v. Clemons (Tex.Civ.App.1954), 265 S.W.2d 182. There was no error in the court's action. The cause is affirmed.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.