404 P.2d 137

**H. E. PRINCE, Plaintiff-Appellant,**

**v.**

**NATIONAL UNION FIRE INSURANCE COMPANY, Defendant-Appellee.**

No. 7646.

Supreme Court of New Mexico.

July 6, 1965.

**314**

Bean & Snead, Roswell, for plaintiff-appellant.

Atwood & Malone, Bob F. Turner, Roswell, for defendant-appellee.

CARMODY, Chief Justice.

Plaintiff was awarded a money judgment against one of the individual defendants, but appeals from the action of the court in dismissing plaintiff's case against the defendant insurance company.

The sole question for decision is whether plaintiff was entitled to protection under a statutory automobile dealer's bond.

■ The trial court determined that there had been no breach of the conditions of the bond under the circumstances. The facts found are in no sense attacked and are therefore conclusive on appeal. They are substantially as follows:

Defendants Johnson and Chandler were partners in a used-car business known as "Kar Korral." On December 12, 1962, the plaintiff advanced to the defendants $3,-750.00 to purchase a 1961 Cadillac, agreed that the defendants would place the car on their lot for sale at a price agreeable to the parties and that the defendants would receive $100.00 commission in the event of the sale of the car. The car was titled in Texas and the defendants had possession of the certificate which had been assigned in blank. The parties agreed that, pending the resale of the car, the title certificate would be retained by the defendants so that upon resale the name of the ultimate purchaser could be placed thereon. At the same time, the plaintiff received a receipt for the monies advanced and it was agreed by all that the Cadillac was then the property of the plaintiff and that he had the right to remove it from the lot at any time he so desired and might also terminate the agreement as to resale. Nothing further occurred, other than the plaintiff's occasional use of the car, until February 20, 1963, when the two defendants transferred the title certificate to a bank as security for a loan. The plaintiff had no knowledge of the transfer of the certificate until after the occurrence, and he never authorized the

use of the certificate as collateral security. Subsequently, certain arrangements were made between the parties for repayment to the plaintiff, but the used-car business went broke, the defendant Chandler took bankruptcy, and the amount of $2,245.00 remained owing to the plaintiff for which the court rendered judgment against defendant Johnson only.

The trial court concluded that at the time of the sale in December of 1962, there had been no breach of the conditions covered by the bond, because title to the automobile was at that time free from liens and could have been delivered to the plaintiff except for the agreement of the parties that it be held by the defendants in case of a subsequent transfer. The trial court also concluded that, at the time of the delivery of the certificate of title to the bank, the defendants were not acting as sellers of the automobile and therefore their dealings were not covered by the provisions of the bond.

The statute, § 64–8–6, N.M.S.A.1953, Pocket Supp., insofar as material, provides:

"  *   *   *  The bond shall be payable to the state for the use and benefit of the purchaser and his vendees, conditioned upon payment of any loss, damage and expense sustained by the purchaser or his vendees, or both, by reason of failure of the title of the vendor, by any fraudulent misrepresentations or by any breach of war-

ranty as to freedom from liens on the motor vehicle sold by the dealer *   *   *."

As we view the case, the determination that title passed before any loss was occasioned is conclusive. The certificate of title is prima facie evidence of ownership, but evidence of ownership may be shown by other proof. Clovis Finance Company v. Sides, 1963, 72 N.M. 17, 380 P.2d 173; and Schall v. Mondragon, 1964, 74 N.M. 348, 393 P.2d 457. The title and ownership of the car passed when the parties intended it to do so, and this occurred on the date of the final payment of the money, some two months before the wrongful transfer of the certificate by the defendants to the bank. Under these circumstances, the plaintiff's status as "purchaser" cannot be said to have continued for the period between the actual date of the purchase and the time of the improper transfer of the certificate.

The fact that the parties failed to comply with the provisions of the statute would not, under these facts, operate to continue the plaintiff's status as a purchaser indefinitely. The statutes (§§ 64–4–2, 64–4–3 and 64–4–11, N.M.S.A.1953) refer to the duties of the dealer and transferee, but non-compliance therewith cannot be considered a failure of title, fraudulent misrepresentation, or breach of warranty as to freedom from liens on a motor vehicle.

■ The reason for the bond is to protect "purchasers" because of failure of title. The meaning of the word "purchaser" cannot be extended by implication to include the plaintiff. He had long since lost any preferred status granted him under the statute. The bond is to protect against failure of title or fraud at the time of the purchase, and does not cover fraud occurring long after title has actually passed, particularly so here, when, for nearly two months, the valid certificate of title was available to the plaintiff for the asking.

■ The legislative history is of considerable aid in construing the meaning of the provision here involved. Our present statute was enacted by ch. 109, Session Laws 1961, and is almost identical to ch. 137 of the Session Laws of 1937. However, the 1937 law was amended by ch. 138 of the Session Laws of 1953, which provided for a bond of much broader coverage than that under the original or under the present law. The 1953 statute provided, in part, that the bond "shall be conditioned that said applicant shall conduct his business as a dealer * * * without fraud or fraudulent representation." This particular statute was construed in Commercial Insurance Co. of Newark, N. J. v. Watson, 10th Cir. 1958, 261 F.2d 143, wherein a wholesale dealer was allowed recovery on a retail dealer's bond, generally on the basis that the then statute was for the benefit of anyone injured by the dealer's fraudulent conduct in addition to being for the benefit of any purchaser injured by failure of title. It was after this decision by the Tenth Circuit that our legislature saw fit to limit the coverage required of the bond, and serves to make it clear that one in the plaintiff's position is not covered by the protection of the statutory provision.

Although cases are cited by the plaintiff from other jurisdictions which would seem to support his position, it is apparent that the statutes there being considered contain language justifying much broader coverage provisions. This is even aside from the considerable difference of the facts with which the courts were concerned in those cases.

The judgment will be affirmed. It is so ordered.

NOBLE and COMPTON, JJ., concur.