514 P.2d 304

**GARFIELD MINES LTD., Appellant,**

v.

**Fred O'CHESKEY, Commissioner of Revenue, Appellee.**

**No. 1070.**

Court of Appeals of New Mexico.

Aug. 29, 1973.

C. N. Morris, Silver City, for appellant.

David L. Norvell, Atty. Gen., Susan P. Graber, Bureau of Revenue, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HERNANDEZ, Judge.

This is an appeal from a decision and order by the Commissioner of Revenue denying appellant's protest of an assessment levied pursuant to § 72–16A–7(A)(2), N.M.S.A.1953 (Vol. 10, pt. 2, 1971 Supp.) which provides for a compensating tax for the privilege of using property in New Mexico acquired outside of the State.

Three points of error are asserted: (1) No tax is due because the appellant did not purchase the personal property in question; (2) the decision of the commissioner is not supported by "competent evidence"; (3) appellant is not subject to this tax.

We affirm.

Appeals from an order of the Commissioner of Revenue are governed by § 72–13–39, N.M.S.A.1953 (Vol. 10, pt. 2, 1971 Supp.) which reads in pertinent part: "Upon appeal, the court shall set aside a decision and order of the commissioner only if found to be (1) arbitrary, capricious or an abuse of discretion, (2) not supported by substantial evidence in the record, or (3) otherwise not in accordance with law." We also call attention to § 72–13–32(C), N.M.S.A.1953 (Vol. 10, pt. 2, 1971 Supp.) "any assessment of taxes made by the bureau is presumed to be correct", and § 72–13–38(F), N.M.S.A.1953 (Vol. 10, pt. 2, 1971 Supp.) "In hearings before the commissioner or his delegate, the technical rules of evidence shall not apply, but in ruling on the admissibility of evidence, the commissioner or his delegate may require reasonable substantiation of statements or records tendered, the accuracy or truth of which is in reasonable doubt."

As to point (1) the record discloses that on August 31, 1970 appellant entered into a purchase agreement with Vought Helicopter Incorporated for the purchase of a helicopter for the sum of $216,230.00. A deposit of $10,000 was made and the balance was paid by a promissory note. The sum due by the note was secured by a security agreement. The helicopter was delivered to appellant, who then used it in New Mexico. It was appellant's position that since only the initial deposit of $10,000 had been paid that the purchase agreement had not been consummated. Therefore there had been no sale and accordingly no tax was due. Appellant's argument is without merit. The purchase agreement was not an executory document and failure to make any of the subsequent payments after the deposit did not render it executory. See §§ 50A–2–106(1) and 50A–2–401(2), N.M.S.A.1953 (Repl. Vol. 8, pt. 1). "But a sale once complete in law

does not change to or become some other sort of transaction because the purchaser later fails or refuses to pay as agreed." Knowles v. Jones, 63 N.M. 391, 320 P.2d 744 (1958).

The basis of appellant's second point is that hearsay evidence was admitted to prove the authenticity of the documents discussed above and other documents, and that these documents are hearsay because they were offered to prove the truth of the recitals therein. Appellant's second point is not well taken. The "technical rules of evidence" do not apply in hearings before the Commissioner. The oral evidence provided reasonable substantiation [§ 72–13–38(F), supra] of the documents. They were properly admitted. Further, even if the documents introduced by the Bureau were not considered, the inferences from the oral testimony support the applicability of the compensating tax and, thus, support the denial of appellant's claim that he did not purchase the helicopter. See Torridge Corporation v. Commissioner of Revenue, 84 N. M. 610, 506 P.2d 354 (Ct.App.1973); Archuleta v. O'Cheskey, 84 N.M. 428, 504 P.2d 638 (Ct.App.1972).

Appellant's claim of exemption, set forth as its third point of error, is that their business is subject to the Resources Excise Tax Act (§ 72–16A–20 to § 72–16A–29, N.M.S.A.1953 (Vol. 10, pt. 2, 1971 Supp.)) and therefore exempt from the Compensating Tax Act by reason of § 72–16A–12.23, N.M.S.A.1953 (Vol. 10, pt. 2, 1971 Supp.). The evidence was insufficient to show that appellant was engaged in activities which subjected it to the resources excise tax. Appellant failed to show it was entitled to the claim exemption. Rock v. Commissioner of Revenue, 83 N.M. 478, 493 P.2d 963 (Ct.App.1972).

The decision and order of the Commissioner is affirmed.

WOOD, C. J., and HENDLEY, J., concur.