Cole *v.* Patty *et ux.*

(*Knoxville*, September Term, 1939.)

Opinion filed December 16, 1939.

DRINNEN & DRINNEN, of Maryville, and KENNERLY & KEY, of Knoxville, for complainant.

GODDARD & GAMBLE, of Maryville, for defendants.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed by Leonard Cole to recover for a deficiency of fifty-six and a fraction acres in a tract of land conveyed by Patty and wife as containing one hundred and seventy-seven acres. The price to be paid was $8320. The conveyance was made October 20, 1930. In December, 1931, Cole had the land surveyed and discovered that the tract contained only one hundred and twenty and a fraction acres. The land is part of a tract described as two hundred and seven acres in the deed to Mrs. Patty. The Pattys kept thirty acres and conveyed the balance of one hundred seventy-seven acres to Cole. Cole testified that he bought upon Patty's representation that the tract contained one hundred and seventy-seven acres, and that Patty repeatedly assured him of that fact. Patty contradicted Cole.

The chancellor found for the defendant and dismissed the bill. The Court of Appeals reversed the decree of the chancellor. We have examined the record and find that the judgment of the Court of Appeals is supported by a preponderance of the evidence. The defendant Patty stands almost alone in support of his contention that he did not represent the tract as containing one hundred and seventy-seven acres, whereas, Cole is supported by several witnesses corroborating his testimony. The deficiency in acreage was nearly thirty-three and a third per cent, sufficient to justify the inference of fraud. The Court of Appeals awarded recovery for the deficiency, plus interest from the filing of the bill, which amounted to $3572.66.

As part consideration recited in the deed of December, 1931, Cole assumed payment of a $5500 mortgage debt due from Patty to Nelson Mortgage Company, and executed four lien notes of $580 each, one payable to A. B. Patty, one to Susie Davis, one to W. J. Patty, and one

to Nancy Jane Walker. On November 14, 1930, Cole paid the mortgage debt which he had assumed and the lien was released. The mortgage covered the entire Patty tract of two hundred and seven acres, out of which the Pattys reserved thirty acres in the conveyance to Cole. Satisfaction of the $5500 mortgage debt by Cole removed the encumbrance from the entire tract, including the thirty acres reserved by the Pattys.

After the cause had been pending for some time, Cole filed a supplemental bill, seeking subrogation to the rights of the holders of the mortgage and the lien notes to aid in the recovery under the original bill. A demurrer to the supplemental bill was sustained. The supplemental bill was not answered. It was not considered in the decree of Chancellor McCanless dismissing the original bill. Upon reversing the chancellor and decreeing a recovery for the deficiency the Court of Appeals, referring to subrogation, said:

"The chancellor sustained the demurrer and ordered the supplemental bill dismissed upon the ground that in paying off the $5500.00 encumbrance, Cole was merely paying off his own obligation, and was, therefore, not entitled to subrogation. It is Cole's contention, however, that he paid off said indebtedness, thereby exonerating Patty's 30 acres from the lien of the trust deed, in ignorance of the shortage in the acreage of the 177 acre tract, and of Patty's indebtedness to him on that account. We think there is merit in this contention, and that the chancellor was in error in sustaining the demurrer."

The Court also said:

"It is true that in the instant case the complainant in paying off the mortgage satisfied an obligation which he had assumed, thereby discharging the lien on the defendant's property as well as on his own; but he assumed this

encumbrance under the mistaken belief that he had acquired 177 acres instead of 120 acres, by his purchase from the defendant. We think the equities on this question are with the complainant, and that he is entitled to be subrogated to the lien of the Nelson Mortgage Company trust deed on Patty's 30 acres to the extent of his recovery herein.''

While, as said by the Court of Appeals (referring to *Walker* v. *Walker*, 138 Tenn., 679, 200 S. W., 825), the doctrine of subrogation is steadily expanding in its practical administration so as to include cases where complete justice cannot be done without it, the doctrine cannot be extended beyond the settled principles upon which it rests. The right of subrogation is enforced upon the theory that the subrogee succeeds to the rights of the creditor. Subrogation cannot arise in favor of one who pays the debt in performance of his own covenant. *Merchants' Bank* v. *Bushnell*, 142 Tenn., 275, 218 S. W., 709.

When complainant as grantee of the mortgaged property assumed the defendant's mortgage debt, he became the principal debtor and primarily liable for the debt, and the defendant was reduced to the degree of one secondarily liable. *Sully* v. *Childress*, 106 Tenn., 109, 60 S. W., 499, 82 Am. St. Rep., 875; *Merrimon* v. *Parkey*, 136 Tenn., 645, 191 S. W., 327. Equity should not engraft the doctrine of subrogation upon nor extend it to the discharge of a primary liability, nor to a debt extinguished by payment, nor to enforce an obligation not in existence when the debt was assumed or paid.

It is shown by the conveyance to Cole that he assumed defendant's mortgage debt on the tract of land involved and it appears from evidence that when complainant paid the debt, he intended to and did extinguish

it. Extinguishment of the debt rebuts the idea of substitution, and in such case the right of subrogation cannot arise. *Belcher* v. *Wickersham,* 68 Tenn. (9 Baxt.), 111. The right of substitution and the intention, express or implied, to enforce the right must concur to make a case for subrogation. Here the mortgagee had no enforceable claim against defendant for the deficiency in acreage of the land covered by the mortgage. Its right was limited to enforcement of its lien against the property described in the mortgage. Without some right enforceable under the mortgage against the defendant when the mortgage debt was paid by complainant, there was no obligation to which the complainant could succeed and enforce by subrogation.

Under the circumstances presented by this record, the right of subrogation cannot be extended to complainant's claim. The decree of the Court of Appeals will be accordingly modified and, as modified, affirmed.