417 P.2d 803

George SIMSON, Plaintiff-Appellee,

v.

BILDERBECK, INC., A-One Tile Co., Pittsburg Plate Glass Co., Southern Union Gas Co., and Crego Block Co., Defendants,

and

Miller Metal Co. et al., Defendants-Appellants.

No. 7891.

Supreme Court of New Mexico.

Aug. 29, 1966.

**668**

Franks & deVesty, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, Robert D. Taichert, Albuquerque, for appellee.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

This appeal involves priority of liens and the subrogation rights of an assignee of a note secured by real estate mortgage.

In obtaining a bank loan, Bilderbeck, Inc. executed a promissory note and secured the note with a mortgage on the real property involved. In addition, plaintiff signed the note. Because of financial difficulties of Bilderbeck, Inc., and before the note was due, the bank called upon plaintiff to pay the note. Receiving payment from plaintiff, the bank assigned the note and real estate mortgage to plaintiff.

Bilderbeck, Inc. failed to pay the debt in accordance with its terms. Plaintiff sued on the note and asked that the mortgage be foreclosed. The trial court rendered judgment against Bilderbeck, Inc. and ordered the mortgage foreclosed.

The fifteen appellants were defendants in plaintiff's suit against Bilderbeck, Inc. Each of them provided labor upon or furnished materials for incorporation in the improvements constructed upon the mortgaged real estate. The trial court found that the improvements were made subsequent to the filing of the mortgage and that each of the appellants was chargeable with notice of the note and mortgage. The trial court also found that the lien of the mortgage was prior to and superior to the lien claims of the mechanics and materialmen. Appellants do not attack the priority of the mortgage lien before the note and mortgage were assigned to plaintiff.

The trial court found that plaintiff signed the note as an accommodation maker. Appellants assert that in his capacity as accommodation maker plaintiff is primarily liable on the note, relying on First Sav. Bank & Trust Co. v. Flournoy, 24 N.M. 256, 171 P. 793. Being primarily liable,

they contend that when he paid the note he paid his own obligation. They contend that this payment discharged the note and extinguished the lien of the mortgage, and thus plaintiff did not become subrogated to the prior rights of the bank. They rely on Spire v. Spire, 104 Kan. 501, 180 P. 209, and Merchants' Bank & Trust Co. v. Bushnell, 142 Tenn. 275, 218 S.W. 709. The Merchants' Bank case is distinguishable on its facts. The Spire case supports appellants' contention, but is not applicable because of the New Mexico statutes.

Section 50A–3–415(1), N.M.S.A.1953, states:

"An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it."

Section 50A–3–415(5), N.M.S.A.1953, provides:

"An accommodation party is not liable to the party accommodated, and *if he pays the instrument has a right of recourse on the instrument against such party.*" (Our Emphasis)

Section 50A–3–603(2), N.M.S.A.1953, reads:

"Payment or satisfaction may be made with the consent of the holder by any person including a stranger to the instrument. Surrender of the instrument to such a person gives him the rights of a transferee (section 3–201 [50A–3–201] )."

Section 50A–3–201(1), N.M.S.A.1953, provides:

"Transfer of an instrument vests in the transferee such rights as the transferor has therein, except that a transferee who has himself been a party to any fraud or illegality affecting the instrument or who as a prior holder had notice of a defense or claim against it cannot improve his position by taking from a later holder in due course."

■ When plaintiff paid the note, under § 50A–3–415(5), N.M.S.A.1953, he had a right of recourse against Bilderbeck, Inc. on the note. Under § 50A–3–603(2), N.M.S.A.1953, plaintiff could pay the note and obtain the rights of a transferee upon surrender of the note to him. Under § 50A–3–201(1), N.M.S.A.1953, plaintiff had the rights of the transferor bank, there being no issue as to fraud or illegality on the part of plaintiff or that plaintiff was a prior holder. Thus, as to the note, plaintiff succeeded to the bank's rights and could sue Bilderbeck, Inc. on the note. By the terms of our statutes, the note was not discharged when paid by plaintiff, the accommodation maker.

Concerning § 50A–3–415, N.M.S.A.1953, the following appears in the comment to Uniform Commercial Code § 3–415:

"1. Subsection (1) recognizes that an accommodation party is always a surety

(which includes a guarantor), and it is his only distinguishing feature. He differs from other sureties only in that his liability is on the instrument and he is a surety for another party to it. His obligation is therefore determined by the capacity in which he signs. * * *

"* * *

"5. * * * Under ordinary principles of suretyship the accommodation party who pays is subrogated to the rights of the holder paid, and should have his recourse on the instrument."

■ Thus, in answer to appellants' contention, as between plaintiff and Bilderbeck, Inc., plaintiff was not principally liable. As between those two parties, when plaintiff paid the note to the bank he was subrogated to the bank's rights against Bilderbeck, Inc.

Appellants would distinguish between the right of plaintiff in the note and his right in the mortgage. This attempted distinction is without merit. Citing numerous cases, 2 Jones, Mortgages § 1033 (8th ed.) states:

"It has frequently been held that a mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt. * * *"

Further in the same section it is stated:

"* * * The right of the assignee to enforce the mortgage is dependent upon his right to enforce the note. * * *"

■ Both the note and mortgage were assigned to plaintiff. Having a right under the statute to enforce the note, he could foreclose the mortgage.

■ As a further point, appellants contend that subrogation is an equitable doctrine, and should not be allowed if injustice results from its application. We agree that subrogation is an equitable remedy. Fidelity & Deposit Co. of Maryland v. Atherton, 47 N.M. 443, 144 P.2d 157. As stated in the Atherton case: "Every case depends upon its particular facts, * * *."

■ The evidentiary facts on which appellants rely to prevent plaintiff from being subrogated are not the facts found by the trial court. The trial court's findings are: that plaintiff had no contact with the appellant lien claimants, made no representations to them and took no action which could have misled the appellant lien claimants. Further, the trial court found that it would be inequitable to give the appellant lien claimants a greater priority than they had when they furnished their labor and material and filed their liens. This occurred subsequent to the filing of plaintiff's mortgage. No claim is made that the findings of the trial court are not based on substantial evidence. Thus, the findings made are conclusive on appeal. Prince v. National Union Fire Insurance Company, 75 N.M.

313, 404 P.2d 137; Petty v. Williams, 71 N.M. 338, 378 P.2d 376.

The judgment is affirmed. It is so ordered.

CARMODY, C. J., NOBLE and COMPTON, JJ., and E. T. HENSLEY, Jr., C. J., Ct. App., concur.