# THE SHELBY MUTUAL INSURANCE COMPANY, Plaintiff in Error, v. CLARK-HOLMES, INC., for the use of Dott Baker et al., Defendants in Error.—414 S.W.(2d) 650.

Eastern Section. December 3, 1966.

Certiorari Denied by Supreme Court March 15, 1967.

H. H. McCampbell, Jr., Knoxville, for plaintiff in error.

·Morton, Morton & Lewis, Knoxville, for defendants in error.

McAMIS, P.J. Clark-Holmes, Inc., brought this action to recover for the use and benefit of Dott Baker and Michigan Miller Mutual Insurance Company the amount paid out by Baker and the named insurance carrier in discharge of a judgment for Workmen's Compensation benefits in excess of $6,000.00 due Robert Perry, as an employee of Clark-Holmes, Inc.

The theory of the suit is that defendant Shelby Mutual Insurance Company refused to accept and discharge its liability under a binder issued by Baker, its former agent in Knoxville, protecting Clark-Holmes, Inc., against Workmen's Compensation claims of its employees. Baker had in force and effect a policy in Michigan Miller Mutual Insurance Company protecting him against errors and omissions as an insurance agent. The declaration avers and the proof shows that, under threat of suit, Baker and Michigan Mutual had paid the Perry claim in the above amount and it is their insistence they are entitled to be reimbursed for the amount paid out in discharging this liability, which Shelby Mutual wrongfully refused to discharge.

Defendant Shelby Mutual denies the valid issuance of a binder and insists that even if there was a valid binder on August 7, 1962, as plaintiff insists, the agency of Baker was cancelled on August 13, 1962, except as to existing business and that no policy had been issued on September 4, 1962, when the employee was injured. It is further insisted Baker was guilty of such negligence and breach of instructions as its agent that no recovery should be allowed him or his carrier Michigan Mutual by way of subrogation or otherwise.

The Circuit Judge, sitting without a jury, rendered judgment for the amount claimed and Shelby Mutual has appealed renewing here the defenses interposed in the Circuit Court.

The judgment is based upon the following findings:

"1. That Dott Baker, dba Dott Baker Agency had the authority for and on behalf of the defendant to issue an oral binder for Workmen's Compensation Insurance to Clark-Holmes, Inc. on August 7, 1962.

"2. That on August 7, 1962 Dott Baker did verbally bind the defendant Shelby Mutual Insurance Company on a contract insuring Clark-Holmes, Inc. against insurance claims and injuries arising under the Workmen's Compensation Act of the State of Tennessee by reason of the injuries of any employee of Clark-Holmes, Inc., the effective date of said coverage being August 29, 1962 to extend for one year.

"3. That on August 13, 1962 Shelby Mutual Insurance Company, the defendant cancelled its agency contract with Dott Baker Agency except as to existing business.

"4. That the oral binder of insurance made on August 7, 1962 was existing business.

"5. That said oral binder of insurance extended for a reasonable period of time, and under the practices of the defendant for at least thirty days.

"6. That on September 4, 1962 one of the employees of Clark-Holmes, Inc., towit: Robert Perry, was injured while in the employment of Clark-Holmes, Inc.

"7. That on learning of the injury and accident, Dott Baker notified the defendant through its local representatives.

"8. That the defendant denied the existence of any insurance contract when notified of the accident.

"9. That Robert Perry instituted suit in the First Circuit Court of Knox County, Tennessee, against Clark-Holmes, Inc. No. 23385, claiming benefits under. the Workmen's Compensation Act of Tennessee, which suit resulted in a judgment in his favor against Clark-Holmes, Inc. in the amount of $6498.48. That said judgment was satisfied by the payment thereof by Dott Baker and his errors and omissions insurance carrier, Michigan Miller Mutual Insurance Company.

"10. That the negligence of Dott Baker in failing to comply with the company regulations with reference to obtaining a letter of intent from the insured designating Dott Baker as his insurance agent with whom he wished to deal and subsequently failing to make inquiry concerning the issuance of a policy of insurance when it had not been received by his office for delivery on or before August 29, 1962, did not prejudice the rights of the defendant Shelby Mutual Insurance Company or increase its risk and hazard, said company having previously approved the underwriting desirability of Clark-Holmes, Inc. for Workmen's Compensation insurance by previous-

ly issuing a renewal policy for the policy period August 29, 1962 to extend for one year and having delivered same to the Citizens Realty & Insurance Company, another of its agents in the Knoxville area, which had previously been providing Workmen's coverage as agent of the defendant, Clark-Holmes, Inc., which renewal policy was returned to the defendant by Citizens Realty & Insurance Company by letter dated July 20, 1962 which was received in the home office of Shelby Mutual Insurance Company on July 23, 1962, reading as follows:

'Re: Clark-Holmes, Inc. Policy Nos. WCO42-747 & MC522-804.

We are returning herewith the above captioned policies which are to be cancelled flat as the insured does not wish to renew this coverage.'

"11. That there is no evidence that a premium was paid to Shelby Mutual Insurance Company, the defendant, for the oral contract of insurance and that the minimum annual premium therefor was $100.00.

"12. That the plaintiffs are entitled to recover of the defendant the sum of $6498.48 plus the costs of this cause, less a credit of $100.00, the amount of the minimum annual premium.

"13. That this is not a proper case for the allowance of the statutory penalty all of which is accordingly found and adjudged."

We must accept the facts as found by the Circuit Judge unless the "preponderance of the evidence is otherwise." T.C.A. 27-303.

In July and August 1962, defendant, Shelby Mutual had a number of agencies in Knoxville. Among them were

Dott Baker and Citizens Realty & Insurance Company. Prior to the time here in question, Clark-Holmes, Inc., carried a Workmen's Compensation policy and other insurance in defendant issued through Citizens Realty & Insurance Company. The expiration date of the Workmen's Compensation policy was August 29, 1962. Clark-Holmes, Inc., was in the business of building and selling houses and Citizens had represented it in selling the houses. Apparently, for reasons of its own, it decided to market its houses and buy its insurance through the Dott Baker Agency.

In July, 1962, Citizens Insurance & Realty issued and delivered to Clark-Holmes, Inc., a renewal policy covering its Workmen's Compensation Insurance. The renewal policy was returned and cancelled.

On August 7, 1962, Mr. Amstutz, the Special Representative of Shelby Mutual, while in the office of Baker was advised by Mr. Baker that he had secured the insurance business of Clark-Holmes, Inc., formerly carried with Citizens Realty & Insurance Company including a Shelby Mutual policy covering Workmen's Compensation. Mr. Amstutz at first denied that he knew at that time the policies which Mr. Baker discussed with him were in substitution of policies issued by Citizens Realty & Insurance Company but finally admitted when confronted with his discovery deposition that he was aware of this fact.

There is a sharp conflict in the evidence as to what was said during the visit of August 7, 1962, about how a transfer of the business from Citizens Realty & Insurance Company to Baker was to be effected and whether Amstutz was aware that an oral binder was given to Clark-Holmes, Inc., on that date to become effective upon expiration of the existing policy on August 29, 1962. Mr.

Amstutz insists he told Mr. Baker he would have to procure "a letter of intent" from Clark-Holmes, Inc., a procedure designed to keep down disputes between agents and between the Company and its agents.

The record shows that Mr. Clark of Clark-Holmes, Inc., had offices adjoining Mr. Baker's office. Mr. Clark testified he had been acquainted with Mr. Amstutz for some time and that seeing him in Mr. Baker's office he inquired about whether his Workmen's Compensation insurance had been taken care of and that he was assured in Mr. Amstutz's presence that he was covered as of that time effective August 29, 1962. Mr. Baker's testimony and that of Mrs. Rose, Baker's office secretary, is to the same effect. According to their testimony Mr. Amstutz was to write a letter explaining the transfer of business to Baker and that nothing was said about a "letter of intent".

According to Mr. Baker's testimony he relied on Mr. Amstutz's promise to handle the matter with his company by letter and did not know that he had failed to do so until he inquired as to why the policy had not been issued a few days after the accident occurred.

Within a few days after August 7, 1962, Mr. Crimnard, the local Vice-President of Shelby Mutual, learned that Mr. Baker was taking on another company and instructed Mr. Amstutz to cancel the Baker Agency as to everything except existing business. Although it was agreed that renewals through October would be honored nothing was said about the oral binder of August 7, 1962. Admittedly, it was never cancelled unless the cancellation of the agency contract of Baker had that effect.

We consider first the assignment of error that the court erred in holding the Baker agency had the authority to

issue an oral binder for Workmen's Compensation insurance.

■ We can not say the evidence preponderates against this finding. The Company manual expressly authorizes its agents to "make binders of insurance * * * for all kinds of insurance which the principal is authorized to make, and which, by oral, written or printed instructions supplemental to this agreement, the agent knows the principal is willing to accept."

Baker testified the practice was to issue binders for Workmen's Compensation insurance and have an audit of the policy-holder's business to determine the premium. Mr. Gentry, another Knoxville agent, testified this was the usual procedure.

■ According to the clear weight of the evidence Amstutz, the Company's Special Representative, was present when Mr. Clark was assured he was being covered by oral binder and made no objection. We think Mr. Baker was justified in assuming from this that the Company approved his action in making the binder agreement.

It appears the Company was "willing to accept" Clark-Holmes, Inc., as a proper risk for Workmen's Compensation coverage, for it had issued a renewal of such a policy as recently as July, 1962, which was cancelled only because Clark-Holmes, Inc., wished to take this insurance to the Baker Agency.

■ It is insisted the Court erred in holding the binder agreement was "existing business" and was not cancelled with the cancellation of the agency contract on August 13, 1962. The record sheds little light on this question. However, in view of the fact the Company agreed to allow October renewals to be consummated and the failure of

the Company to mention the binder of which Mr. Amstutz was aware we can not say the Court erred in this holding.

■ It is also insisted the Court erred in holding that the oral binder of August 7, 1962, continued in effect without the issuance of a policy for at least 30 days or until after the accident on September 4, 1967. We can not say the evidence preponderates against the Court's finding that 30 days is not an unreasonable length of time for a binder to remain in effect.

■ The final insistence is that the Court erred in allowing subrogation rights to Baker and his "errors and omissions" insurer "for the loss that Clark-Holmes, Inc., might have suffered because of the failure of the defendant to issue a policy of Workmen's Compensation insurance. * * *" As we understand, it is insisted Baker, because of his "errors and omissions", is not entitled to the equitable remedy of subrogation.

Assuming, as we have found, that there was a valid binder in force and effect when the liability of Clark-Holmes, Inc., accrued and that under threat of suit Baker and Michigan Miller Mutual Insurance Company, his carrier, discharged this liability, it seems equitable and just that defendant be required to pay to them what it should have paid to Clark-Holmes, Inc., or its injured employee. Otherwise, defendant would profit by its own wrong in violating its contract.

In Dixon v. Morgan, 154 Tenn. 389, 397, 285 S.W. 558, 560, the Court quoted with approval the following exposition of the doctrine of subrogation:

"It is a doctrine therefore which will be applied or not according to the dictates of equity and good conscience, and consideration of public policy, and will be allowed in

all cases where the equities of the case demand it. It rests upon the maxim that no one shall be enriched by another's loss, and may be invoked wherever justice demands its application, in opposition to the technical rules of law which liberate securities with the extinguishment of the original debt. The right to it depends upon the facts and circumstances of each particular case, and to which must be applied the principles of justice. In the administration of relief by subrogation, it will be found that the jurisdiction of equity rests largely on the prevention of frauds and on relief against mistakes; and the expansion of the rule has so nearly covered the field that it may now be said that, wherever a court of equity will relieve against a transaction, it will do so by the remedy of subrogation, if that be the most efficient and complete that can be afforded."

See also Walker v. Walker, 138 Tenn. 679, 200 S.W. 825; Harrison v. Harrison, 149 Tenn. 601, 259 S.W. 906, 907, 32 A.L.R. 563; Amos v. Central Coal Company, 38 Tenn.App. 626, 277 S.W.2d 457.

We do not think we should refuse to grant relief by way of subrogation on the ground that Baker was guilty of some negligence in not demanding issuance and delivery of a policy before the accident occurred. In Dixon v. Morgan, supra, the Court said:

"The mere fact that complainant is guilty of some character of negligence will not prevent a recovery for, in every cause in which such relief was asked and decreed, the complainant was guilty of some degree of negligence, as will be noted in the three latest published opinions of this court * * *" citing Harrison v. Harrison, supra;

Milam v. Milam, 138 Tenn. 686, 200 S.W. 826; Walker v. Walker, supra.

We find no error. Affirmed.

Cooper and Parrott, JJ., concur.