FRANCES W. ALMANY; and )
WILLIAM T. HALL and wife, )
NORMA JEAN HALL and LAWYERS )
TITLE INSURANCE CORP., by and )
on behalf of ROBERT L. WOODS, )
)
    Plaintiffs/Appellants, )
) Appeal No.
) 01-A-01-9608-CH-00376
VS. )
) Sumner Chancery
) No. 94C-83
THOMAS A. CHRISTIE and wife, )
MARIA L. CHRISTIE; and GAIL P. )
PIGG, Substitute Trustee, )
)
    Defendants/Appellees. )

**FILED**

**February 21, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CHANCERY COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE

THE HONORABLE JOHN H. GASAWAY, III, JUDGE BY INTERCHANGE


MICHAEL W. EDWARDS
177 E. Main Street
Hendersonville, Tennessee 37075

THOMAS F. BLOOM
500 Church Street, 5th Floor
Nashville, Tennessee 37219
    Attorneys for Plaintiffs/Appellants

GAIL P. PIGG
219 Second Avenue, North
First Floor Suite
Nashville, Tennessee 37201
    Attorney for Defendants/Appellees


AFFIRMED AND REMANDED


BEN H. CANTRELL, JUDGE


CONCUR:
LEWIS, J.
KOCH, J.

# O P I N I O N

The question we must decide in this case is whether a purchaser of real estate, whose purchase money is used in the closing to pay off two prior mortgages, is subrogated to a position superior to a third mortgage. The Chancery Court of Sumner County refused to recognize the subrogation. We affirm.

## I.

On July 31, 1993 the owner of a parcel of real property in Sumner County entered into a contract to sell the property to Robert L. Woods. The seller promised to convey the property by a good and valid warranty deed to the buyer for $68,000 cash. At the time of the closing, the title to the property was encumbered by the following four deeds of trust (in order of priority):

| | | |
|---|---|---|
| 1. | Boston Five Cent Mortgage | $46,325.80 |
| 2. | Homeowners Equity Service | 8,711.29 |
| 3. | Jerry Butler | 33,411.33 |
| 4. | Nashville Electric Service | 7,661.57 |

On August 13, 1993, the parties closed the transaction and the seller gave Mr. Woods a warranty deed stating that the land was unencumbered. The closing agent withheld funds from the seller's proceeds to pay Boston Five Cent Mortgage, Homeowners Equity Service, and Nashville Electric Service. Jerry Butler's claim was not paid, and his deed of trust remained an encumbrance on the title.

In June of 1994, Mr. Butler started foreclosure proceedings. The purchaser's title insurance company sued to enjoin the foreclosure. Later, the complaint was amended to substitute as party plaintiffs the lenders who loaned Mr. Woods the purchase money and obtained a secured interest in the property. The chancellor granted summary judgment to Mr. Butler allowing him to proceed with

foreclosure.

## II.

The appellants rely on the doctrine of equitable subrogation which allows a person who pays the debt of another to assume the creditor's place with respect to the debt. *Castleman Construction Co. v. Pennington*, 222 Tenn. 82, 432 S.W.2d 669 (1968). Being a creature of equity, subrogation principles are naturally flexible, and may be said to encompass all cases where complete justice cannot be done without it. *Walker v. Walker*, 138 Tenn. 679, 200 S.W. 825 (1917). The doctrine, however, will not be extended beyond the settled principles on which it rests. *Cole v. Patty*, 175 Tenn. 334, 134 S.W.2d 160 (1939).

Perhaps the fullest extension of the subrogation doctrine can be found in the case of *Dixon v. Morgan*, 154 Tenn. 389, 285 S.W. 558 (1926), on which the appellants rely. In that case Wright sold a farm to Morgan, retaining a vendor's lien to secure the payment of the balance of the purchase price. Morgan borrowed money from a bank to make the down payment and gave the bank a deed of trust, making the bank's security interest secondary to Wright's vendor's lien. The bank's deed of trust was properly recorded. Morgan then conveyed a part of the land to Dixon, who paid all of the consideration to Wright to be applied on his vendor's lien. Wright joined in the conveyance from Morgan to Dixon in a deed containing the following:

> "I, the undersigned I. G. Wright, hereby join in this deed and hereby convey, release, and quitclaim unto the said C. M. Dixon, his heirs and assigns forever, all the right, title, claim, and interest that I have in and to said above-described tract of land by reason of the lien retained in the deed executed by myself and wife to John H. Morgan, conveying a large tract of land of which the above-described tract is a part, and I join in this instrument simply to release said lien, and do hereby release and discharge said above-described tract of land from the lien retained in the deed executed by myself and wife to said John H. Morgan."

- 3 -

Dixon did not search the records but assumed that Wright's vendor's lien was the only encumbrance on the property. Morgan did not mention the bank's security, but there was no indication in the record that he intended any harm to Dixon.

Dixon, upon learning of the bank's lien, filed an action in chancery praying that he be subrogated to Wright's lien with rights superior to the bank's. The Supreme Court upheld Dixon's claim. Although the Court delivered a lengthy opinion its reasons may be summed up in a passage from 25 Ruling Case Law 1353 which the Court quoted:

> "And the rule supported by the weight of authority is that, when a purchaser pays off a prior incumbrance as a part of the purchase price, without actual notice of a junior lien, it will be presumed that he paid the same for his own benefit and the protection of his own interests, and equity will treat him as the assignee of the original incumbrance, and will revive and enforce it for his benefit."

285 S.W. at 564, 154 Tenn. at 411.

In contrast, the appellee cites *Cole v. Patty*, 175 Tenn. 334, 134 S. W.2d 160 (1939), in which the Court denied subrogation to a purchaser who paid off an existing mortgage as part of the purchase price. The Court said:

> It is shown by the conveyance to Cole that he assumed defendant's mortgage debt on the tract of land involved and it appears from evidence that when complainant paid the debt, he intended to and did extinguish it. Extinguishment of the debt rebuts the idea of substitution and in such cases the right of subrogation cannot arise.

134 S.W.2d at 162, 175 Tenn. at 338.

While an argument could be made that *Dixon v. Morgan* has been overruled by *Cole v. Patty*, we need not go that far. *Dixon* may be distinguished from this case on several points. First, the purchaser in *Dixon* actually received a conveyance of the vendor's lien when the original seller joined in the deed. The

language quoted above shows that the original seller's security interest in the property was granted to the buyer. Second, the buyer in this case is not the party claiming subrogation. This action has been prosecuted from the beginning, first by the buyer's title insurance company, and now by the mortgagees who loaned him the down payment. Whatever equities arose in favor of the purchaser in *Dixon* do not extend with the same force to third parties who claim through the purchaser. Third, the buyer in this case did not pay off the existing mortgages as part of the purchase price. The contract between the buyer and the seller shows that the buyer was to pay the seller $68,000 in cash and receive a warranty deed to the property. That is exactly what happened. Fourth, there is no indication in this record that the seller is insolvent. Therefore, the buyer has an adequate remedy against the seller on the warranties in the deed.

We concur in the chancellor's decision that this is not a case for the application of subrogation principles. Therefore, we affirm the chancellor's decision and remand the case to the Chancery Court of Sumner County for any further proceedings that may become necessary. Tax the costs on appeal to the appellants.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE
                    IN THE COURT OF APPEALS OF TENNESSEE
                    MIDDLE SECTION AT NASHVILLE


FRANCES W. ALMANY; and            )
WILLIAM T. HALL and wife,         )
NORMA JEAN HALL and LAWYERS       )
TITLE INSURANCE CORP., by and     )
on behalf of ROBERT L. WOODS,     )

|                                | )   |                          |
|--------------------------------|-----|--------------------------|
| Plaintiffs/Appellants,         | )   |                          |
|                                | )   | Appeal No.               |
|                                | )   | 01-A-01-9608-CH-00376    |
| VS.                            | )   |                          |
|                                | )   | Sumner Chancery          |
|                                | )   | No. 94C-83               |
| THOMAS A. CHRISTIE and wife,   | )   |                          |
| MARIA L. CHRISTIE; and GAIL P. | )   | Affirmed                 |
| PIGG, Substitute Trustee,      | )   | and                      |
|                                | )   | Remanded                 |
| Defendants/Appellees.          | )   |                          |

# **J U D G M E N T**

This cause came on to be heard upon the record on appeal from the Chancery Court of Sumner County, briefs and argument of counsel; upon consideration whereof, this Court is of the opinion that in the decree of the Chancellor there is no reversible error.

In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the decree of the Chancellor is affirmed. The cause is remanded to the Chancery Court of Sumner County for the enforcement of the decree and for the collection of the costs accrued below.

Costs of this appeal are taxed against Frances W. Almany, et al., Principals, and Michael W. Edwards, Surety, for which execution may issue if necessary.

ENTER _____.

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE