This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**IN THE MATTER OF THE ESTATE OF**
**HAROLD V. "JACK" GARRETT, Deceased,**

**WILLIAM H. GARRETT, KAREN LYNN**
**HUFFMON, and MILT RODNEY GARRETT, heirs,**

Appellants,

v.                                                    **NO. 34,368 & 34,446**
                                                      **(consolidated)**

**SALENA M. GARRETT, Personal**
**Representative,**

Appellee,

**and**

**KIMMEL STEWART COLLINS and**
**DEBORA ELAINE COLLINS, husband and wife,**

Plaintiffs-Appellees,

**v.**

**WILLIAM H. GARRETT, KAREN LYNN HUFFMON,**
**MILT RODNEY GARRETT, RYAN M. GARRETT,**
**THE UNKNOWN HEIRS OF THE FOLLOWING NAMED**
**DECEASED PERSON: HAROLD V. (JACK) GARRETT, and**
**ALL UNKNOWN CLAIMANTS OF INTEREST IN THE**

**PREMISES ADVERSE TO THE PLAINTIFFS,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell Jr., District Judge**

Warren F. Frost
Logan, NM

for Appellants William H. Garrett, Karen Lynn Huffmon and Milt Rodney Garrett

Border Law Office
Nancy G. English
Tucumcari, NM

for Appellee Salena M. Garrett

Border Law Office
Nancy G. English
Tucumcari, NM

for Appellees Kimmel Stewart Collins and Debora Elaine Collins

Warren F. Frost
Logan, NM

for Appellants William H. Garrett, Harlold (Jack) Garrett, Karen Lynn Huffmon, Ryan Garrett and Milt Rodney Garrett

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Appellants appealed from two separate cases, referred to herein as the probate

case and the foreclosure case, involving related legal issues and parties, which we consolidated for efficiency and ease of discussion. In the appeal from the probate case, Petitioners-Appellants William H. Garrett, Karen Lynn Huffmon, and Milt Rodney Garrett filed a docketing statement, appealing the district court's order of complete settlement of estate and order denying Petitioners' motion to remove personal representative and motion to set aside personal representative's deeds. [CN 3, 10] In our notice of proposed disposition, we proposed to dismiss the appeal from the probate case as moot in light of our proposed disposition with regard to the foreclosure case. [CN 3, 10] We additionally proposed to conclude that, to the extent the probate case was not mooted by our proposed disposition with regard to the foreclosure case, the notice of appeal was untimely and, as such, proposed to grant Personal Representative's motion to dismiss the probate case as untimely. [CN 10–12] Neither party submitted objections to these proposals; therefore, we dismiss the appeal from the probate case.

{2}     In the appeal from the foreclosure case, Defendants-Appellants appealed the district court's findings of fact and order of foreclosure and order correcting findings of fact and order of foreclosure. [*See* CN 2–3, 9] In our notice of proposed disposition, we proposed to reverse and remand. Appellees filed a timely memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we

reverse and remand the appeal from the foreclosure case.

**{3}** In their memorandum in opposition, Appellees argue that the estate of Deceased had no liability for payment of the debt of the surviving co-tenants of the joint tenancy property because the property passed out of probate upon Deceased's death and that, accordingly, they were entitled to enforcement of the note and the mortgage. [MIO 2] First, the underlying premise of Appellees' argument—that Appellants owed a debt to Appellees—is erroneous. As set forth in more detail in our notice of proposed disposition, Deceased (and his wives) executed notes in favor of Citizens Bank and Plaintiffs in 1982 and 2005. [CN 7; *see also* CN 3–7 (pertinent background and facts); MIO 2 (Appellees do not dispute the facts)] Appellants did not assume the obligations of the notes at any point. [CN 8; *see also* CN 5] Although Appellants were joint tenants on the real property at issue [CN 3], they were not co-obligors on the notes. [CN 5, 8] Thus, even if Appellees were still owed something by someone on the notes, they were not owed by Appellants. [*See* CN 5, 8] *See Simon v. Bilderbeck Inc.*, 1966-NMSC-170, ¶ 13, 76 N.M. 667, 417 P.2d 803 (stating that "a mortgage is but an incident to the debt, the payment of which it secures").

**{4}** Second, Appellees acknowledge that they entered into a stipulated order whereby they relieved the estate of any further obligation on the notes. [MIO 2 (¶ 1)] As the only obligors on the note that is the subject of the foreclosure case were

4

Decedent and his first wife [MIO 2–3 (¶ 2)], and as Decedent's first wife died in or before 1996 [MIO 3 (¶ 3)], the only individual obligated to pay Appellees on the note was Decedent [CN 8 (reiterating that the district court found that Appellants did not assume the obligations of the notes at any point); MIO 2 (stating that Appellees do not dispute the recitation of the pertinent facts); *see also* CN 5]  or, after his death, his estate. Appellees have not cited any authority or explained in their memorandum in opposition how joint-ownership of real property automatically creates an obligation by the joint-owners to pay on indebtedness for which they did not assume the obligations. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**{5}**     Rather, Appellees contend that, because the property passed outside of probate

upon Decedent's death [MIO 4], the *debt* was also not an estate debt [MIO 4], and, as such, Appellees "have established their right to collect on the note against Appellants." [MIO 5] Appellees further assert that, because they are *holders of a mortgage*, and because the notes were not yet paid upon Decedent's death, Appellees have a right to collect on the note as against Appellants. [MIO 5–6] But, again, *Appellants* did not assume the obligations of the notes at any point [CN 8; *see also* CN 5], so Appellees have no right to collect on the note(s) *as against Appellants*. Appellees have cited no authority for their contention that joint-owners on real property automatically become obligors on a note that is secured by a mortgage on such property upon the death of the only actual obligor on the note, and we are aware of no such authority, so we assume none exists. *See Curry*, 2014-NMCA-031, ¶ 28 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Moreover, while we do not disagree with Appellees that the *real property* passed outside of probate upon Decedent's death because of its nature as joint tenancy property [*see* MIO 4, 5], Appellees have cited no authority for their conclusion that the *note* that is secured by a mortgage on such property is not an estate debt or that the estate had no liability for payment of the note, and we are aware of no such authority, so we assume none exists. *See id.*

{6}     Additionally, we reiterate that Appellees entered into a stipulated order whereby

they "settled all claims of Appellees against [D]ecedent's estate[.]" [MIO 4, 5] Since the only obligor on the note at the time of Decedent's death was Decedent, and since Appellees settled all claims against Decedent's estate, there was no debt remaining due on the notes. [*See* CN 8–9] *See* NMSA 1978, § 55-3-604(a) (2009) (stating that "[a] person entitled to enforce an instrument . . . may discharge the obligation of a party to pay the instrument . . . by agreeing not to sue or otherwise renouncing rights against the party by a signed record"); NMSA 1978, § 55-3-601(a) (1992) (stating that the "obligation of a party to pay the instrument is discharged as stated in this article or *by an act or agreement with the party which would discharge an obligation to pay money under a simple contract*" (emphasis added)); *cf.* NMSA 1978, § 55-3-602(a) (2009) (stating that, to the extent a payment is made on an instrument, "the obligation of the party obliged to pay the instrument is discharged").

{7}     Finally, we briefly address Appellees' argument that, because they were holders of the mortgage and owners of the applicable note, they were entitled to enforce the instruments and that, even if they have no right to enforce the note, they are entitled to enforce the mortgage lien. [MIO 5–6] Although we do not disagree with the fact that, ordinarily, a holder of a mortgage and an owner of a note has a right to enforce such instruments, and we do not disagree that, if a debt still exists under a valid note, then a valid mortgage securing that note can still be foreclosed even if the owners of

7

the mortgaged property are not obligors of the note, we reiterate that, because Appellees entered into a stipulated order whereby they settled all claims against Decedent's estate—the only obligor on the note—there was no obligation remaining due under the note and, as such, the mortgage was fully satisfied and no longer subject to a foreclosure lawsuit. [*See* CN 9] *See Simon*, 1966-NMSC-170, ¶ 13 (also stating that "a mortgage is but an incident to the debt, the payment of which it secures"); *see also* NMSA 1978, § 48-7-4(A) (1991) (stating that, when a debt has been fully satisfied, the mortgagee has a duty to "cause the full satisfaction of it to be entered of record in the office of the county clerk of the county where the mortgage or deed of trust is recorded").

**{8}** Thus, for the reasons stated in this opinion and set forth in this Court's notice of proposed disposition, we reverse and remand for dismissal of the foreclosure action.

**{9}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____

**M. MONICA ZAMORA, Judge**