This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DEUTSCHE BANK NATIONAL**
**TRUST COMPANY, AS TRUSTEE**
**FOR MORGAN STANLEY**
**MORTGAGE LOAN TRUST 2005-10,**

Plaintiff-Appellee,

v.                                                    NO. 34,337

**RAUL HUERTA and MARY**
**FRIETZE-HUERTA a/k/a MARY**
**FRIETZE, husband and wife,**

Defendants-Appellants,

and

**NATIONAL CITY BANK; ABC**
**Corporations I-X; XYZ Partnerships**
**I-X; John Does I-X and Jane Does**
**I-X; THE UNKNOWN HEIRS AND**
**DEVISEES OF ANY OF THE ABOVE,**
**IF DECEASED,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Judge**

McCarthy & Holthus, LLP
Denise A. Snyder

Jeanette Martinez Whittaker

Albuquerque, NM

for Appellee


Joshua R. Simms, P.C.

Joshua R. Simms

Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}    Defendants appeal from the district court's order approving the special master's report and confirming the foreclosure sale. Unpersuaded that Defendants demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendants have responded to our notice with a memorandum in opposition. We have duly considered their response and remain unpersuaded that Defendants have successfully attacked Plaintiff's standing to bring this foreclosure action. We affirm.

{2}    On appeal, Defendants argue that the district court erred by denying their motion to vacate summary judgment, the upcoming sale, and foreclosing on the property, in light of *Bank of New York v. Romero*, 2014-NMSC-007, 320 P.3d 1. [DS 3] Defendants also argue that Plaintiff did not provide sufficient evidentiary support that it owned the note and mortgage at the time of the suit to establish standing. [DS

3] Lastly, Defendants contend that the district court erred by holding that Plaintiff met its burden to show that the entire instrument of the note and mortgage were transferred to Plaintiff pursuant to NMSA 1978, § 55-3-203(d) (1992). [DS 4]

{3}     We do not repeat our proposed analysis in its entirety in this Opinion. Rather, we explain what arguments have been abandoned and address the arguments raised in Defendants' response. Our notice proposed to hold that, under our case law, Plaintiff established a prima facie showing that it had standing as a holder in due course of the note on the basis that it alleged to be the holder of the note and mortgage, [RP 3] and demonstrated its possession of the original note, indorsed in blank, and the mortgage assignment at the time Plaintiff filed the complaint, by attaching the note's indorsement in blank and assignment of the mortgage to the complaint. [RP 1-30] We further observed that Defendants' Rule 1-060(B)(4) NMRA motion did not state why these documents failed to establish Plaintiff's standing to seek foreclosure at the time of the complaint or why the documents may have established less than all the rights to enforce the note. [RP 390-97] The specific grounds alleged by Defendants on appeal for challenging Plaintiff's standing, implicitly attacking the validity or authenticity of the page containing an indorsement in blank [RP 12] and the assignment of the mortgage via MERS, [RP 30] were raised for the first time in the docketing statement. The first of these arguments was not

raised at all or developed below. We also noted that Defendants never challenged nor even mentioned the affidavit attached to the motion for summary judgment, stating that at the time of the complaint Plaintiff had possession of the note, the indorsement of it, and an assignment of the mortgage. [RP 264] Without sufficient preservation or development, we decline to address these matters on their merits. Lastly, we proposed to hold that to the extent that Defendants generally argue the assignment of the mortgage via MERS is invalid, our case law seems to hold otherwise. *See Romero*, 2014-NMSC-007, ¶¶ 34-35; *Simson v. Bilderbeck, Inc.*, 1966-NMSC-170, ¶¶ 13-14, 76 N.M. 667, 417 P.2d 803. We pointed out that Defendants have not elaborated on their mortgage assignment issue in a manner that would remove it from the control of our case law.

{4}     In response to our notice, Defendants have not pursued those issues attacking the validity or authenticity of the page of the note containing an indorsement in blank that we deemed unpreserved and undeveloped. The failure to respond to our proposed disposition of these matters constitutes an abandonment of them. *Cf. Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287 ("Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice."). We therefore hold, for the reasons stated in the notice, that Plaintiff had standing to enforce the note. *See Hennessy v. Duryea,* 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (holding that a party opposing summary disposition has the

4

burden to clearly point out errors in fact or law contained in the notice of proposed disposition).

{5}     Defendants focus their arguments in response to our notice on Plaintiff's alleged inability to enforce the mortgage assigned by MERS. [MIO 2-6] Defendants dispute our reliance on case law and principles suggesting that a mortgage automatically follows the promissory note and specifically attack this Court's decision in *Flagstar Bank, FSB v. Licha*, ___-NMCA-___, ¶ 17, ___ P.3d ___ (No. 33,150, Feb. 18, 2015), as overstating the Supreme Court's opinion in *Romero*. [MIO 5] Upon a motion for rehearing, that *Flagstar* opinion was withdrawn and a new opinion has recently been filed. *Flagstar Bank FSB v. Licha (Flagstar II)*, ___-NMCA-___, ___ P.3d ___ (No. 33,150, June 4, 2015). Although the new opinion removes the "automatically follows" language, this removal does not aid Defendants. While narrowing that particular bit of language, the revised *Flagstar II* opinion points out that where MERS has the status of a nominee, it has the authority to assign a mortgage. *See Id.* ¶ 17. In *Flagstar II*, we also stated that a party's bare assertion that MERS lacks authority to assign a mortgage, without any attempt to distinguish MERS's status in the current case from its status as a nominee as discussed by the Supreme Court in the *Romero* case, will not be a basis for invalidating the assignment of the mortgage. *Flagstar II*, ___-NMCA-___, ¶ 17. Defendants made no such attempt in district court to distinguish MERS's status in *Romero*—as nominee for the original

lender or a successor in interest to that lender—from MERS's claimed status in the current case as a nominee for the lender and its successors and assigns. [RP 14] Because Defendant does not challenge MERS's assignment of the mortgage with any reference to facts in the record, we therefore determine that MERS's assignment of the mortgage in this case was valid, as was the assignment in *Flagstar II*.

{6}     For the reasons stated in our notice and in this Opinion, we affirm district court's order approving the special master's report and confirming the foreclosure sale.

{7}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**



_____
**TIMOTHY L. GARCIA, Judge**



_____
**M. MONICA ZAMORA, Judge**

6